UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                                    Chapter 11

QUEENS PLAZA DEVELOPMENT, LLC,                      Case No.:  10-77035 (REG)

                              Debtor.
-----------------------------------------------------------X

### ORDER PURSUANT TO SECTION 1129 OF THE BANKRUPTCY CODE CONFIRMING QUEENS PLAZA DEVELOPMENT, LLC'S CHAPTER 11 PLAN OF LIQUIDATION

Queens Plaza Development, LLC, the above-captioned debtor and debtor in possession (the "**Debtor**"), having proposed and filed with this Court on November 5, 2010, a chapter 11 plan and related disclosure statement in accordance with sections 1121 and 1125 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**");

And the Debtor having filed its Plan Of Liquidation Dated November 5, 2010 (as amended or modified, the "**Plan**") [Docket No. 25] and related Amended Disclosure Statement Dated December 15, 2010, In Connection With Its Plan Of Liquidation Dated November 5, 2010 (as amended, the "**Disclosure Statement**") [Docket No. 39];

And following a hearing on December 15, 2010 (the "**Disclosure Statement Hearing**"), this Court having entered an Order, dated December 20, 2010 (a) approving the adequacy of the Disclosure Statement pursuant to section 1125 of the Bankruptcy Code, (b) fixing the time for voting to accept or reject the Plan, (c) fixing procedures for distribution of solicitation packages, (d) establishing procedures for tabulating votes, (e) establishing the date for the confirmation hearing, and (f)

1

establishing the objection deadline and procedures for objecting to the Plan, and (vii) approving form and manner of notice and solicitation (the "**Disclosure Statement Order**") [Docket No. 42];

And the Debtor having certified on January 27, 2011 (the "**Vote Certification**") [Docket No. 46] that the Debtor received the requisite acceptances both in number and amount from Classes 1, 4 and 5 (the ballots voted in such classes being unanimous in accepting the Plan); and that there are no Claims in Class 3, since subsequent to the filing of the Plan, the only potential Claim in such class was reclassified by Order of this Court to a general, unsecured non-priority claim (Docket No. 44); and the Debtor having proposed to confirm the Plan over the rejection of the Plan by Class 2; and there being no other formal or informal objection to the Plan by any other Class entitled to vote, or any other interested party;

And the Debtor having filed the Affidavit In Support Of Confirmation Of the Debtor's Plan Of Liquidation (the "**Supporting Affidavit**") [Docket No. 47];

And a hearing pursuant to Bankruptcy Rules 3017 and 3018 and sections 1126, 1128 and 1129 of the Bankruptcy Code on confirmation of the Plan having been held on January 31, 2011 (the "**Confirmation Hearing**"); and due notice of the Confirmation Hearing having been given to Holders[1] of Claims against, and Interests in, the Debtor and other parties in interest substantially in compliance with the Disclosure Statement Order, the Bankruptcy Code and the Bankruptcy Rules, as established by the affidavits of service and mailing filed with this Court; and such notice being sufficient under the circumstances and no further notice being required;

---

[1]    Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Plan.

And the Court having reviewed the Debtor's proposed Auction Sale Procedures set forth as Exhibit A to the Plan (the "**Auction Sale Procedures**");

And this Court having considered all evidence admitted at the Confirmation Hearing; and based upon all pleadings and papers filed in the Chapter 11 Case, including the Supporting Affidavit, the Vote Certification, the record of the Disclosure Statement Hearing, all proceedings heretofore held in the Chapter 11 Case; and it appearing to this Court that (a) notice of the Confirmation Hearing and the opportunity of any party in interest to object to Confirmation were adequate and appropriate as to all parties to be affected by the Plan and the transactions contemplated thereby, and (b) the legal and factual bases presented at the Confirmation Hearing establish just cause for the relief granted herein; and upon the record of the Confirmation Hearing and after due deliberation and sufficient cause appearing therefor

IT IS HEREBY FOUND THAT:

A. ~~This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334.~~

B. ~~This matter is a core proceeding which a bankruptcy court has the power to hear and determine in its entirety and to enter a final order with respect thereto pursuant to 28 U.S.C. § 157(b)(2)(A), in that it is a proceeding concerning the administration of the estate; § 157(b)(2)(L), in that it is a matter concerning confirmation of a plan; and § 157(b)(2)(O), in that it is a proceeding affecting the adjustment of the debtor-creditor or the equity security holder relationship. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.~~

C. On the Filing Date, the Debtor commenced a case under chapter 11

of the Bankruptcy Code.

D.    This Court takes judicial notice of the docket of the Chapter 11 Case maintained by the Clerk of this Court, and/or its duly appointed agent, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the various hearings held before this Court during the pendency of the Chapter 11 Case (including the Confirmation Hearing).

E.    ~~The Plan designates Claims and Interests in the following five Classes: U.S. Bank Secured Claim (Class 1), Mechanic's Lien Secured Claims (Class 2), Priority Claims (Class 3), General Unsecured Claims (Class 4) and Interests (Class 5).~~

F.    ~~Under the Plan:~~

(i)    ~~Holders of Claims in Classes 1, 2, 4 and 5 are Impaired and entitled to vote; and~~

(ii)    ~~There are no Holders of Claims in Class 3, which Class is otherwise Unimpaired in any event and therefore deemed to have accepted the Plan pursuant to Bankruptcy Code section 1126(f).~~

G.    Notice of the Confirmation Hearing and the relevant deadlines for filing objections and submitting Ballots was provided in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order to all known parties in interest, the United States Trustee, all known holders of Interests, all persons who have filed proofs of claim in the Chapter 11 Case, all persons who have requested special notice in the Debtor's case pursuant to Bankruptcy Rule 2002, the Internal Revenue Service, the Secretary of State of New York, the Securities and Exchange Commission,

any entity that has filed with the Court a notice of transfer of a claim under Bankruptcy Rule 3001(e) on or prior to the date of the entry of Disclosure Statement Order, all persons or entities listed in the Debtor's schedules, and all other known Creditors of the Debtor, and such notice is adequate and sufficient in accordance with Bankruptcy Rules 2002(b) and 3020(b).

H.    As described in, and as evidenced by, the Affidavit of Service dated December 21, 2010 (describing service of the notice of Confirmation Hearing, relevant deadlines and solicitation materials in connection with voting on the Plan) [Docket No. 43], the transmittal and service of the Plan, the Disclosure Statement, notice of the Confirmation Hearing, relevant deadlines and the solicitation materials was timely, adequate and sufficient under the circumstances.

I.    As described in, and as evidenced by, the Vote Certification, upon the receipt and tabulation of the Ballots:

(i)    100 % of Class 1 (U.S. Bank Secured Claim) in dollar amount, and 100% in number of the Holders of Claims in such Class that voted on the Plan, accepted the Plan.  Class 1 accepted the Plan;

(ii)    100% of Class 2 (Mechanic's Secured Lien Claim) in dollar amount, and 100% in number of the Holders of Claims in such Class that voted on the Plan, rejected the Plan.  Class 2 rejected the Plan;

(iii)    There are no Allowed Claims in Class 3 (Priority Claims).  If and to the extent there were any such Allowed Claims, however, 100% of Class 3 in dollar amount, and 100% in number of the Holders of Claims in such Class are conclusively presumed to have accepted the Plan, accepted

the Plan.  Class 3 is deemed to have accepted the Plan, to the extent applicable;

(iv)    100% of Class 4 (General Unsecured Claims) in dollar amount, and 100% in number of the Holders of Claims in such Class that voted on the Plan, accepted the Plan.  Class 4 accepted the Plan; and

(v)    100% of Class 5 (Interests) in dollar amount, and 100% in number of the Holders of Claims in such Class that voted on the Plan, accepted the Plan.  Class 5 accepted the Plan.

J.    All procedures used to distribute the solicitation materials to the applicable Holders of Claims and Interests and to tabulate Ballots were fair and followed in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court, and all other applicable rules, laws and regulations.

K.    The Debtor has provided sufficient notice of its proposed Auction and Auction Sale Procedures and there has been no objection to the Auction and Auction Sale Procedures.

L.    The Court makes the following factual findings with respect to the requirements of section 1129 of the Bankruptcy Code:

(i)    With respect to the requirements of section 1129(a)(1) of the Bankruptcy Code, the Plan complies with any and all applicable provisions and requirements of the Bankruptcy Code *section 1129(a).* , including without limitation, sections 1122 and 1123.

(a)    With respect to the requirements of section 1122 of

the Bankruptcy Code, Article IV of the Plan classifies five (5) classes of Claims and Interests. This classification scheme of Claims and Interests is reasonable, and the Claims or Interests in each class are substantially similar to other Claims or Interests in such class. Valid business, factual, and legal reasons exist for separately classifying the various classes of Claims and Interests created under the Plan, and such classification and treatment does not unfairly discriminate between Holders of Claims and Interests.

(b)     With respect to the requirements of section 1123 of the Bankruptcy Code, the Plan:

i.     Designates classes of Claims, other than Claims specified in section 507(a)(1), 507(a)(2) and 507(a)(8) of the Bankruptcy Code, and a class of Interests;

ii.     Specifies Class 3 (Priority Claims) as a class of Claims that is Unimpaired under the Plan;

iii.     Specifies Class 1 (U.S. Bank Secured Claim), Class 2 (Mechanic's Lien Secured Claims), Class 4 (General Unsecured Claims) and Class 5 (Interests) as the classes of Claims and Interests that are Impaired under the Plan;

iv.     Provides the same treatment for each Claim or Interest of a particular class, unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such particular Claim or Interest;

v. Provides adequate means for the Plan's implementation. In particular, the Plan and the various documents and agreements related thereto, provide adequate and proper means for the implementation of the Plan, including, but not limited to: (aa) providing for the orderly sale and liquidation of the Debtor's Real Property by means of the Auction to be conducted in accordance with the terms of the Plan, including the Auction Sale Procedures; and (bb) the creation of a Distribution Fund, to be liquidated and administered for the benefit of all Holders of Allowed Claims pursuant to the terms of the Plan, thereby satisfying the requirements of section 1123(a)(5) of the Bankruptcy Code;

vii. Contains only provisions consistent with the interests of the Debtor's Creditors and Interest Holders and with public policy with respect to the manner and selection of officers and directors and other responsible persons under the Plan; and

viii. Includes other provisions that are appropriate and consistent with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1123(b) of the Bankruptcy Code.

(ii) With respect to the requirements of section 1129(a)(2) of the Bankruptcy Code, the Debtor, as proponent of the Plan, has complied with any and all requirements of the Bankruptcy Code, including, without limitation, sections 1125 and 1126 and Bankruptcy Rules 3017, 3018 and

~~3019. The Debtor is a proper debtor under section 109 of the Bankruptcy Code, and the Debtor is a proper proponent of the Plan under section 1121(a) of the Bankruptcy Code. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in transmitting the solicitation materials to Holders of Claims against and Interests in the Debtor, and in tabulating the votes with respect to the Plan. Specifically, the solicitation of acceptances or rejections of the Plan was (aa) pursuant to the Disclosure Statement Order; (bb) in compliance with all applicable rules and regulations governing the adequacy of disclosure in connection with such solicitation; and (cc) solicited after disclosure to Holders of Claims or Interests of "adequate information" as defined in section 1125(a) of the Bankruptcy Code.~~

~~(iii)    With respect to the requirements of section 1129(a)(3) of the Bankruptcy Code, the Debtor proposed the Plan in good faith, and not by any means forbidden by law. The Debtor's good faith is evident from the facts and the record of the Chapter 11 Case, the record of the Confirmation Hearing and other proceedings held in the Chapter 11 Case, including the Disclosure Statement Hearing. The Plan was proposed with the legitimate and honest purpose of maximizing the value of the Debtor's estate and effectuating the orderly liquidation and distribution of the Debtor's Estate's assets. The Plan was negotiated at arms' length between the Debtor and U.S. Bank. Further, the Plan's unopposed injunction,~~

exculpation and release provisions have been negotiated in good faith and at arms' length with, among other persons, representatives of the Debtor and U.S. Bank, and are consistent with sections 105, 1123(b)(6), 1129, and 1142 of the Bankruptcy Code.

(iv)    With respect to the requirements of section 1129(a)(4) of the Bankruptcy Code, any payments made or to be made by the Debtor for services rendered or for costs and expenses incurred during or in connection with the Chapter 11 Case, or in connection with the Plan and the Chapter 11 Case to the extent of services provided before the Confirmation Date, have been approved by, or are subject to the approval of, this Court as reasonable.

(v)    With respect to the requirements of section 1129(a)(5) of the Bankruptcy Code:

        (a)    The Plan provides for the Auction and Sale of the Debtor's Real Property and the dissolution and termination of the Debtor;

        (b)    The Debtor has disclosed the persons who will be responsible for effectuating the transactions contemplated by the Plan; and

        (c)    No insiders of the Debtor will be employed or compensated by the Post-confirmation Debtor.

(vi)    With respect to the requirements of section 1129(a)(6) of the Bankruptcy Code, the Plan does not provide for any changes in rates over which a governmental regulatory commission has jurisdiction.

(vii)    With respect to the requirements of section 1129(a)(7) of the Bankruptcy Code:

        (aa)    The liquidation analysis provided in Exhibit C to the Disclosure Statement, and the other evidence related thereto that was proffered or adduced at, or prior to, or in affidavits in connection with, the Confirmation Hearing, is reasonable and has not been controverted by other evidence.  The methodology used and assumptions made in the liquidation analysis, as supplemented by the evidence proffered or adduced at or prior to, or in affidavits filed in connection with, the Confirmation Hearing, are reasonable; and

        (bb)    Each Holder of an Allowed Claim or Interest in an Impaired Class has duly and timely accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtor was liquidated under chapter 7 of the Bankruptcy Code.

(viii)    With respect to the requirements of section 1129(a)(8) of the Bankruptcy Code, each class of Claims and Interests has either accepted the Plan, or such class is Unimpaired under the Plan, other than Class 2.

11

The Plan is nevertheless confirmable because, as found below, the requirements of section 1129(b) of the Bankruptcy Code are satisfied as to Class 2.

(ix)    With respect to the requirements of section 1129(a)(9) of the Bankruptcy Code, the Plan provides for treatment of Administrative Expense Claims, Priority Tax Claims and all other Claims entitled to priority pursuant to section 507(a) of the Bankruptcy Code in the manner required pursuant to sections 1129(a)(9)(A), (B) and (C), as applicable.

(x)    With respect to the requirements of section 1129(a)(10) of the Bankruptcy Code, among other things:

(aa)    at least one class of Claims is Impaired under the Plan (specifically, Classes 1, 2, 4 and 5 are Impaired); and

(bb)    at least one Class of Claims that is Impaired under the Plan has accepted the Plan, determined without including any acceptance of the Plan by any insider (specifically, Classes 1 and 4).

(xi)    With respect to the requirements of section 1129(a)(11) of the Bankruptcy Code, the Plan provides for the auction and sale of the Debtor's assets and the liquidation of the Debtor, thereby establishing that the requirements of this section have been met.

(xii)    With respect to the requirements of section 1129(a)(12) of the Bankruptcy Code, the Plan provides for the payment of all fees payable

under section 1930 of title 28 of the United States Code on the Effective Date of the Plan or as soon as practicable thereafter.

(xiii)   With respect to the requirements of section 1129(a)(13) of the Bankruptcy Code, the Debtor has no obligation to pay any "retiree benefits" (as that term is defined in section 1114 of the Bankruptcy Code).

(xiv)   With respect to the requirements of section 1129(b) of the Bankruptcy Code:

(aa) the Debtor, as proponent of the Plan, has requested that the Court confirm the Plan notwithstanding that the requirements of Bankruptcy Code section 1129(a)(8) have not been met with respect to Class 2 (Mechanic's Lien Claims);

(bb) all other requirements of section 1129(a) of the Bankruptcy Code other than paragraph (8) are met with respect to the Plan;

(cc) the Plan does not discriminate unfairly with respect to Class 2 (Mechanic's Lien Claims), which is Impaired under the Plan and which has not accepted the Plan, in that no other Classes under the Plan have Claims or Interests that are similar to the Interests in Class 2, and members within such Class are treated similarly;

(dd) the Plan is "fair and equitable" (as defined in section 1129(b) of the Bankruptcy Code) with respect to Class 2 for the following reasons:

13

(x) the Plan provides for the sale of property that is subject to the liens securing the Mechanic's Lien Claims, free and clear of such liens, which Class 2 Mechanic's Lien Claims are subordinate to the U.S. Bank Secured Claim. To the extent that the U.S. Bank Secured Claim is not paid in full and is therefore undersecured, the Mechanic's Lien Claims are unsecured, are therefore treated as Class 4 General Unsecured Claims and, to the extent such Claims are Allowed Claims, are entitled to a Pro Rata distribution from the General Unsecured Claim Class 4 Distribution along with all other similarly situated Class 4 Claimants. If the Distribution Fund exceeds the amount of the Class 1 Claim, then Class 2 Claimants' Liens attach to the remaining proceeds of the sale and are afforded the treatment of such liens as under 1129(b)(2)(A)(i) or 1129(b)(2)(A)(iii), in that the Class 2 Claimants will receive the remaining proceeds of the sale as described in the Plan, providing Class 2 Claimants with the indubitable equivalent of such Claims. Further, to the extent the Class 2 Claims are ultimately determined to be General Unsecured Claims in Class 4 under the Plan, the holder of any claim or interest that is junior to the claims of such class (*i.e.*, Class 5 Interests) will not receive or retain under the Plan on account of such junior claim or interest any property; and

(y) all requirements of section 1129(b) of the Bankruptcy Code have been satisfied.

M.      The conditions to confirmation contained in the Plan have been satisfied.

N.      All documents necessary to implement the Plan and all other relevant and necessary documents shall, upon execution, be valid, binding and enforceable agreements and not be in conflict with any federal or state law.

O.      The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

P.      Votes for acceptance and rejection of the Plan were solicited in good faith and in compliance with sections 1125 and 1126 of the Bankruptcy Code, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Order, all other applicable provisions of the Bankruptcy Code and all other applicable rules, laws and regulations.

~~Q.      Based upon the record before this Court in the Chapter 11 Case, the Debtor and its Interest Holders, directors, partners, officers, agents, consultants, attorneys, independent accountants, advisors, Professionals, financial advisors, and employees (in such capacity), through their participation in the negotiation and preparation of the Plan and the Disclosure Statement and their efforts to confirm the Plan, have solicited acceptances and rejections of the Plan in good faith and participated in the Chapter 11 Case in compliance with the applicable provisions of the Bankruptcy Code and shall be entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and the exculpation provisions set forth in Section 12.3 of the Plan.~~

~~R.      The Debtor and all parties in interest will be acting in good faith if they proceed to (i) consummate the Plan and the agreements, settlements, transactions~~

and transfers contemplated thereby, and (ii) take the actions authorized and directed by this Confirmation Order, notwithstanding an appeal of this Confirmation Order, so long as no stay thereof is issued and in effect pending appeal, even if the Debtor and such parties in interest act with knowledge of such appeal.

S.    This Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases and exculpation provisions set forth in Article XIV of the Plan.

T.    The Debtor has indicated that it is not a party to any executory contracts or unexpired leases. Nevertheless, to the extent that the Debtor has not already been authorized to assume an executory contract or unexpired lease pursuant to a prior order of this Court, and except as otherwise provided in this Confirmation Order, the Plan constitutes a motion by the Debtor to reject, as of the Effective Date, all executory contracts, including, without limitation, unexpired leases of the Debtor, other than those executory contracts or unexpired leases that have been assumed by the Debtor or that are subject to a motion to assume such executory contract or unexpired lease pending before this Court on the Confirmation Date. The Debtor's decision regarding the rejection of the executory contracts or leases is based on and is within the sound business judgment of the Debtor and is in the best interests of the Debtor, its Estate and Creditors. Accordingly, the Plan complies with sections 365 and 1123(b)(2) of the Bankruptcy Code.

U.    This Court may properly retain jurisdiction over the Chapter 11 Case, to the fullest extent authorized by law, including, without limitation (i) the right to enforce and interpret this Confirmation Order and any of the orders that have been previously entered in the Chapter 11 Case, (ii) any stipulations that have been authorized

~~and approved, (iii) to issue any order that is necessary or appropriate to implement this Confirmation Order or the Plan, and (iv) in accordance with Section XIV of the Plan.~~

V.      All requirements for confirmation of the Plan set forth in section 1129(a), and, to the extent applicable, 1129(b), of the Bankruptcy Code have been satisfied.

W.      The Plan is dated and identifies the proponent, thereby complying with all requirements of Bankruptcy Rule 3016.

THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that:

1.      ~~The findings and conclusions of this Court as set forth herein and in the record of the Confirmation Hearing shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, as made applicable to this matter by Bankruptcy Rule 9014.   To the extent any of the findings of fact set forth above constitute conclusions of law, they are adopted as such.   To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.~~

2.      The Plan, a copy of which is attached hereto as "**Exhibit 1**," and each of its provisions are confirmed in each and every respect pursuant to section 1129 of the Bankruptcy Code, the Plan is valid and enforceable pursuant to its terms and all parties in interest are authorized and empowered, or enjoined, as the case may be, to act in accordance with its terms.  The terms of the Plan are incorporated herein by reference as if fully set forth herein, and are an integral part of, this Confirmation Order.  The terms of the Plan (including any non-material amendments, modifications or supplements to the disclosures or documents comprising the Plan at any time prior to the Effective Date), and all other relevant and necessary documents, shall be effective and binding as of the

Effective Date of the Plan. No additional disclosure or further solicitation under Bankruptcy Rule 3019 is necessary. Notwithstanding the foregoing, if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3.      The Auction Sale Procedures are hereby approved, substantially in the form set forth at Exhibit A to the Plan.

(i)      ~~The Court hereby establishes~~ **February 15, 2011 at 5:00 p.m. E.S.T.** ~~as the Qualified Bidder Deadline as defined in the Auction Sale Procedures. Any potential bidder who wishes to participate in the Auction and bid to acquire the Real Property must satisfy the conditions set forth in the Auction Sale Procedures for becoming a "Qualified Bidder", as such term is defined in the Auction Sale Procedures. This includes delivering (a) to counsel to the Debtor, Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq., with (b) a copy to counsel to U.S. Bank, Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, 24th Floor, New York, New York 10174, Attn.: Andrew B. Eckstein, Esq., a~~ <u>written submission that meets the requirements set forth in paragraph 1 of</u> ~~the Auction Sale Procedures, including, without limitation, providing evidence that the Deposit, as such term is defined in the Auction Sale Procedures, has been made (or is concurrently being made) in accordance with the terms thereof, on or before the~~

~~Qualified Bidder Deadline.~~

~~(ii)    In the event that the Debtor receives by the Qualified Bidder Deadline one or more submissions that it deems in its discretion, and in consultation with U.S. Bank, to be from Qualified Bidders, then the Debtor shall conduct an auction with respect to the Real Property (including any adjourned date thereof, the "Auction") on **February 17, 2011 at 10:00 a.m. (Eastern Time) at the offices of Blank Rome LLP, The Chrysler Building, 405 Lexington Avenue, 24th Floor, New York, New York 10174**.~~

4.    All other documents necessary to implement the Plan, are hereby approved, and all other relevant and necessary documents shall, upon execution, be valid, binding and enforceable agreements and not be in conflict with any federal or state law.

5.    The Debtor (and its agents, Interest Holders, directors, officers, employees, advisors and attorneys) have, and upon confirmation of the Plan will be deemed to have, solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

6.    The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to or returned by Holders of Claims in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan; (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims under the Plan for distribution purposes; (c) may not be relied upon by any Creditor as

representing the actual classification of such Claim under the Plan for distribution purposes; and (d) shall not be binding on the Debtor..

7.    ~~As provided for under the Plan and without in any way limiting the provisions of the Plan:~~

> ~~(a)    on or after the Effective Date, all Entities that have held, currently hold, or may hold, a Claim, Lien, Interest or other liability against or in the Debtor that would be discharged or satisfied upon confirmation of the Plan and the Effective Date but for the provisions of Bankruptcy Code § 1141(d)(3) are permanently enjoined from taking any of the following actions on account of such Claim, Lien, Interest or right: (a) commencing or continuing in any manner any action or other proceeding on account of such Claim, Lien, Interest, or right against the Post-confirmation Estate, Post-confirmation Estate Assets, any Property that is to be distributed under the Plan, or the Post-confirmation Debtor; or (b) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree, or order against the Post-confirmation Estate, Post-confirmation Estate Assets, any Property to be distributed under the Plan, or the Post-confirmation Debtor.~~

> ~~(b)    on and after the Effective Date, each Holder of an Interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere with or otherwise hinder the post-confirmation Debtor or Post-confirmation Debtor from implementing the Plan or the Confirmation Order.~~

> ~~(c)    Except as otherwise specifically provided in the Plan, including, without limitation, the reservation and retention of the rights of U.S. Bank to assert any deficiency claims it has against any third-party obligors, confirmation of the Plan (subject to the occurrence of the Effective Date) shall, as to all Holders of Claims and Interest who vote in favor of the Plan, release the Debtor's members, officers, directors, employees, and other agents, financial advisors, consultants, attorneys and accountants (in such capacity), and their respective assets and properties from any debt, charge, Causes of Action, liability, encumbrance, Lien, security interest, Claim, Interest, or other cause of action of any kind, nature or description (including, but not limited to, any claim of successor liability), other than a right to pursue a claim based on any gross negligence or willful misconduct, including any breach of fiduciary duty constituting gross negligence or willful misconduct, that arose before the Confirmation Date, and any debt of the kind specified in sections 502(g), 502(h) or 502(i) of the~~

~~Bankruptcy Code, whether or not a proof of Claim or Interest is or could have been filed or is deemed filed, and whether or not such Claim or Interest is or could have been Allowed.~~

~~(d)    In consideration of the Distributions under the Plan, upon the Effective Date, each Holder of a Claim or Interest will be deemed to have released the Debtor, and each of its Interest Holders, directors, partners, members, officers, agents, consultants, attorneys, independent accountants, advisors, Professionals, financial advisors, investment bankers and employees (in such capacity), employed by the Debtor from and after the Filing Date from any and all Causes of Action (other than the right to enforce the obligations under the Plan and the right to pursue a claim based on any gross negligence or willful misconduct, including any breach of fiduciary duty constituting gross negligence or willful misconduct) arising out of actions or omissions during the administration of the Chapter 11 Case, the administration of the Estate and/or the Post-confirmation Estate, or the Distribution of any Property or Post-confirmation Estate Assets pursuant to the Plan.~~

8.    In accordance with section 1142 of the Bankruptcy Code, the Debtor, the Post-confirmation Debtor and all parties in interest are hereby authorized, empowered and directed forthwith to take any and all actions, and to execute any and all documents, necessary to implement the provisions of the Plan, and to execute, deliver and file (as appropriate) all documents and take all actions provided in or contemplated by any of the same to accomplish the intent of the same.  All such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court and shall be deemed effective pursuant to applicable law and without the need for any required approvals, authorizations or consents.    Each of such documents and agreements will, upon execution, be valid, binding and enforceable against the Debtor and any other person who is a party thereto, and are entered into for good and valuable consideration, including the benefits of the Plan, and any or all of such documents and agreements shall be accepted by each of the respective state filing offices and recorded in accordance with applicable

state law and shall become effective in accordance with their terms and the provisions of state law.

9.      Without in any way limiting the generality of the foregoing paragraph, and without the necessity of any further order of this Court, in accordance with the Plan and the Auction Sale Procedures, the Debtor, the Post-confirmation Debtor and all parties in interest are hereby authorized, empowered and directed forthwith (a) to proceed with the conduct of the Auction, (b) in connection therewith, in conjunction with U.S. Bank, to select a Successful Bidder and a Back-up Bidder, and (c) to execute and deliver the Deed and any and all such documents as shall be necessary and appropriate to effect the sale and conveyance of the Real Property as provided for under the Plan, and the recording of the Deed.

10.     This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other Governmental Unit with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.  Upon the completion of all acts required to be performed by the Post-confirmation Debtor under the Plan, the post-confirmation Debtor shall be deemed dissolved for all purposes without the necessity of any other or further action to be taken by or on behalf of the post-confirmation Debtor in accordance with the terms of Section 9.13 of the Plan.

11.     The consummation of the Closing shall be deemed a transfer under, pursuant to, in connection with and in furtherance of the Plan, and such sale, transfer and

delivery of any and all instruments of transfer, including without limitation the Deed, in connection therewith shall not be taxed under any Transfer Taxes permitted by § 1146(a) of the Bankruptcy Code as interpreted by the Supreme Court in <u>Florida Department of Revenue v. Piccadilly Cafeterias, Inc.</u>, 128 S.Ct. 2326 (2008).   The Post-confirmation Debtor, any Entity that acquires the Real Property at the Closing and/or or any agent or representative of such parties is authorized to serve upon all filing and recording officers a notice, in connection with the filing and recording of any instruments of transfer in accordance with the Plan, to evidence and implement this paragraph.   All filing and recording officers are hereby directed to accept for filing or recording all instruments to be filed and recorded in accordance with the Plan and the exhibits thereto, without payment of any such taxes.   This Court retains jurisdiction to enforce the foregoing direction, by contempt proceedings or otherwise.

12.    ~~The Post-confirmation Debtor, retains all rights to pursue any and all Causes of Action to the extent it deems appropriate (under any theory of law, including, without limitation, the Bankruptcy Code and any applicable local, state, or federal law, in any court or other tribunal, including, without limitation, in an adversary proceeding filed in the Chapter 11 Case).~~

13.    ~~Unless a claim or Cause of Action against a Creditor or other person or entity is expressly waived, relinquished, released, compromised, or settled in the Plan or any Final Order, the post-confirmation Debtor expressly reserves such claim or Cause of Action for later adjudication (including without limitation, claims and Causes of Action not specifically identified, or of which Debtor may presently be unaware, or which may arise or exist by reason of additional facts or circumstances unknown to Debtor at this~~

time, or facts or circumstances which may change or be different from those which ~~Debtor now believes to exist) and, therefore, no preclusion doctrine, including, without limitation, the doctrines of res judicata, collateral estoppel, waiver, estoppel (judicial, equitable, or otherwise), or laches shall apply to such claims or Causes of Action upon, or after, the confirmation or consummation of the Plan based on the Disclosure Statement, the Plan, or this Confirmation Order, except where such claims or Causes of Action that have been released in the Plan or other Final Order.~~

14.    ~~Except as expressly provided in the Plan, this Confirmation Order shall not bar the Post-confirmation Debtor from collecting, prosecuting, or defending any matter or Cause(s) of Action.~~

15.    ~~Without the need for a further Order or authorization of this Court, but subject to the express provisions of this Confirmation Order, the Debtor is authorized and empowered to make non-material modifications to the documents filed with the Court or admitted in the evidentiary record at the Confirmation Hearing in its reasonable business judgment as may be necessary.~~

16.    The treatment of executory contracts and unexpired leases set forth in Article VIII of the Plan is approved.  ~~As of the Confirmation Date, any executory contract or unexpired lease that has not been expressly assumed or rejected with approval by order of this Court shall be deemed to have been rejected unless (a) there is then pending before this Court a motion to assume such unexpired lease or executory contract, or (b) this Court has entered an order extending the period during which a motion may be made to assume such unexpired lease or executory contract, and such a motion is filed with this Court before the expiration of such period.  The Disclosure Statement and the~~

24

~~Plan shall constitute due and sufficient notice of the intention of Debtor to reject all executory contracts and unexpired leases that are not otherwise assumed. This Confirmation Order shall be deemed an order under sections 365(a) and 1123 of the Bankruptcy Code rejecting any such executory contracts and unexpired leases that are not otherwise assumed. Unless otherwise provided by an order of this Court entered on or prior to the Confirmation Date, if the rejection of an executory contract or unexpired lease by the Debtor results in damages to the other party or parties to such contract or lease, any Claim for such damages, if not heretofore evidenced by a filed proof of claim, will be forever barred and not enforceable as a Claim against the Debtor or any Property or interests in Property of the Debtor or their successors or assignees, unless a proof of claim is filed with this Court and served upon counsel to the Debtor, Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq., counsel to the Debtor, within fifteen (15) days following the entry of this Confirmation Order.~~

17.    Notwithstanding entry of this Confirmation Order, or the occurrence of the Effective Date or Consummation of the Plan, the Chapter 11 Case having been closed, or a Final Decree having been entered, the Bankruptcy Court (or the District Court, as the case may be) shall, to the fullest extent permitted by law, have and retain jurisdiction of matters arising out of, and related to the Chapter 11 Case and the Plan under, and for the purposes of, Bankruptcy Code §§ 105(a), 1127, 1142 and 1144. ~~, for, among other things, the following purposes: (a) to consider any modification of the Plan under Bankruptcy Code § 1127 and/or modification of the Plan before "substantial consummation" as defined in Bankruptcy Code § 1101(2), and to consider any~~

modification of the Plan to cure any defect or omission, or reconcile any inconsistency in the Plan, the Disclosure Statement or in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order; (b) to hear and determine pending applications for the assumption or rejection of executory contracts or unexpired leases, if any, and allowance of Claims resulting therefrom; (c) to (i) hear and determine any Claim or Cause of Action arising in or related to the Chapter 11 Case; and (ii) to adjudicate any Causes of Action or other proceedings currently pending or which may be commenced by the Post-confirmation Debtor after the Effective Date or otherwise referenced herein or elsewhere in the Plan, including, but not limited to, the adjudication of any Causes of Action and any and all "core proceedings" under 28 U.S.C. § 157(b), which are or may be pertinent to the Chapter 11 Case and which the Post-confirmation Debtor may deem appropriate to commence and prosecute in support of implementation of the Plan; (d) to determine any and all adversary proceedings, applications, and contested matters filed or commenced by the Post-confirmation Debtor after the Effective Date, including, without limitation, any Causes of Action; (e) to ensure that Distributions are accomplished as provided in the Plan; (f) to hear and determine any objections to Administrative Expense Claims, to Proofs of Claim, or to Claims and Interests filed and/or asserted both before and after the Confirmation Date, including any objections to the classification of any Claim or Interest, and to allow or disallow any disputed Administrative Expense Claim, Claim or Interest, in whole or in part, and any request for estimation of Claims; (g) to protect the Post-confirmation Estate from adverse Claims or interference inconsistent with the Plan, including to hear actions to quiet or otherwise clear title to such property of the Post-confirmation Estate based upon the terms and provisions of the Plan, including,

26

without limitation, with respect to the Real Property; (h) to (i) enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified, or vacated; (ii) to issue such orders in aid of execution of the Plan as may be necessary and appropriate, to the extent authorized by Bankruptcy Code § 1142; and (iii) to interpret and enforce any Orders previously entered in the Chapter 11 Case to the extent such Orders are not superseded or inconsistent with the Plan; (i) to hear and determine all applications for compensation and reimbursement of expenses of Professionals under Bankruptcy Code §§ 330, 331, and 503(b) for services rendered and expenses incurred prior or subsequent to the Confirmation Date; (j) to hear and determine all litigation, Causes of Action and all controversies, suits and disputes that may arise in connection with the interpretation, implementation or enforcement of the Plan, including but not limited to, any and all litigation and/or Causes of Action brought by the Debtor, whether such litigation and/or Causes of Action is/are commenced either prior to or after the Effective Date; (k) to hear and determine matters concerning state, local, and federal taxes in accordance with Bankruptcy Code §§ 345, 505, and 1146; (l) to enter a Final Decree closing the Chapter 11 Case; (m) to consider and act on the compromise and settlement of any litigation, Claim against or Cause of Action asserted in connection with the Chapter 11 Case or the Post-confirmation Estate; (n) to hear and determine all matters and disputes relating to the Auction and the Closing; and (o) without limiting the generality of the foregoing and notwithstanding the Effective Date and to the fullest extent permitted by law, the Bankruptcy Court shall retain exclusive jurisdiction over the Post-confirmation Estate after the Effective Date, including, without limitation, jurisdiction to resolve any and all controversies, suits and issues that may arise in

~~connection herewith or therewith, including, without limitation, any Entities' obligations incurred in connection herewith or therewith, including without limitation, any action against the Post-confirmation Debtor or any or all of the Post-confirmation Debtor's professionals or the Post-confirmation Estate, and any action seeking turn over or recovery of assets included in the Post-confirmation Estate~~

18.    ~~Unless otherwise provided by an Order that has heretofore been or is hereinafter entered by this Bankruptcy Court, all injunctions or stays arising under or entered during the Chapter 11 Case under sections 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.~~

### Bar Date For Final Applications for Professional Fees and Expenses

19.    All applications for final allowances of compensation and reimbursement of expenses pursuant to sections 330 and 503(b) of the Bankruptcy Code in connection with the Chapter 11 Case for the period from the Filing Date through and including the Confirmation Date shall be filed with this Court and served upon (a) Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq., counsel to the Debtor; (b) Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn.: Stan Yang, Esq., on or before thirty (30) days from the date of this Confirmation Order.

20.    Within five (5) Business Days after the entry of this Confirmation Order, the post-confirmation Debtor shall give all retained Professionals in the Chapter 11 Case notice of the deadline for the filing of their final fee applications.

21.     Each Application shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and shall set forth, among other things, in reasonable detail, (a) the name and address of the applicant, (b) the nature of the professional or other services rendered and expenses for which reimbursement is requested for all periods from the date the particular applicant was retained through the Confirmation Date, (c) the amount of compensation and reimbursement of expenses requested, (d) whether any payments have been received on account and, also, the amount or amounts thereof, and (e) the amounts of compensation and reimbursement of expenses previously allowed by the Court, if any.

22.     ~~No Applications need be filed for compensation and reimbursement by professional persons for services rendered or expenses incurred on or after the Confirmation Date, and such compensation and reimbursement may be paid by the Liquidating Trustee in accordance with ordinary business practices and without order of the Court.~~

### Administrative Claims Bar Date

23.     All requests for payment of an Administrative Expense Claim for claims arising <u>from and after</u> the Filing Date through the Confirmation Date that were incurred outside the ordinary course of the Debtor's business operations or the amount of which is not agreed to in writing by the Debtor or the Liquidating Trustee or otherwise allowed by a Final Order, must be filed on or before fifteen (15) days following the entry of this Confirmation Order (the "<u>Administrative Bar Date</u>").   Requests for payment of an Administrative Expense Claim may be filed with the Bankruptcy Court either (a) electronically in accordance with General Order M-242 (General Order M-242 and the

User's Manual for the Electronic case Filing System can be found at www.nyeb.ucourts.gov, the official website for the Bankruptcy Court), by registered users of the Bankruptcy Court's case filing system, or (b) by mailing, or by hand or overnight delivery of the original request to the United States Bankruptcy Court, Eastern District of New York, Long Island Federal Court House, 290 Federal Plaza, Central Islip, New York 11722, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers of the Honorable Robert E. Grossman), and shall be served in accordance with General Order M-242, upon Administrative Expense Claims should be filed with this Court and served upon (a) Westerman Ball Ederer Miller & Sharfstein, LLP, 1201 RXR Plaza, Uniondale, New York 11556, Attn.: Thomas A. Draghi, Esq., counsel to the Debtor; and (b) Office of the United States Trustee, Long Island Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn.: Stan Yang, Esq.  **ANY SUCH REQUEST FOR THE PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM THAT IS NOT TIMELY FILED, SHALL NEITHER (A) BE ALLOWED BY THE COURT NOR (B) BE PAID BY THE DEBTOR.**

24.      Because the Debtor has not had significant ongoing business operations other than, among other things, administering its Real Property since the Filing Date and due to the other special circumstances in this Chapter 11 Case, notice of the Administrative Bar Date shall be limited to those parties the Post-confirmation Debtor, after reviewing the Debtor's books and records, shall identify as parties who may potentially hold an Administrative Expense Claim against the Debtor that arose between

the Filing Date and the Confirmation Date, and the applicable taxing authorities.  On or before five Business Days following the entry of this Confirmation Order the Post-confirmation Debtor shall serve by first class U.S. mail notice of the Administrative Bar Date.

25.    ~~After the entry of this Confirmation Order, the Debtor may, upon order of this Court, alter, amend or modify the Plan in accordance with section 1127(b) of the Bankruptcy Code, or remedy any defect or omission or reconcile any inconsistency in the Plan in such manner as may be necessary to carry out the purpose and intent of the Plan.~~

26.    ~~If any or all of the provisions of this Confirmation Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order.~~

27.    The provisions of the Plan and this Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided, however, that if there is determined to be any inconsistency between any Plan provision and any provision of this Confirmation Order that cannot be so reconciled, then solely to the extent of such inconsistency, the provisions of this Confirmation Order shall govern and any provision of this Confirmation Order shall be deemed a modification to the Plan and shall control and take precedence.

28.    All exhibits to the Plan (inclusive of any amendments, modifications, and supplements thereto, including any non-material changes to such exhibits subsequent to the date of this Confirmation Order) and all documents and agreements introduced into

evidence by the Debtor at the Confirmation Hearing (including all exhibits and attachments thereto) and documents requiring performance thereof by the post-confirmation Debtor are approved in accordance with their respective terms.

29.    The provisions of this Confirmation Order are integrated with each other and are non-severable and mutually dependent.

30.    The failure specifically to include or reference any particular provision of the Plan or any related agreement in this Confirmation Order shall not diminish or impair the efficacy of such provision or such related agreements, it being understood that it is the intent of this Bankruptcy Court that the Plan be confirmed and such related agreements be approved in their entirety.

31.    Pursuant to the authority of this Court granted under Bankruptcy Rule 3020(e), this Confirmation Order shall not be stayed until the expiration of fourteen (14) days after entry of this Confirmation Order and shall be effective immediately upon its entry.  This Confirmation Order is a Final Order and the period in which an appeal must be filed shall commence upon the entry hereof.

*Dated: Central Islip, NY*                    ***By:***
      ***February 9, 2011***                    ***/s/ Robert E. Grossman***
                                     ***Hon. Robert E. Grossman***
                                     ***United States Bankruptcy Judge***